The defendant Denniston was the indorser of William J. Worth's note for $7000, dated February 17th, 1840, payable to Denniston's order, three months after date, at the Watervliet Bank. The note belonged to the bank. It was protested for nonpayment at maturity, and continued to be held by the bank until after its failure, when it passed into the hands of the plaintiff, but in what manner or for what consideration was not shown. The action was brought in pursuance of the statute, against the maker and indorser. The plaintiff seeks to charge the defendant as indorser. The case was tried before a referee. After proof of the note, indorsement and protest, the plaintiff rested. The defendant offered to produce in evidence the books of the bank and the pass-book of the defendant Worth kept with the bank and by the bank, the entries in the books and pass-book all made while the bank owned the note;
First. To prove actual payment of the note to the bank before it was transferred and after it was due. *Page 277 
 Second. To prove that at the time the note was due, Worth had a balance in his favor sufficient to pay the note on the books of the bank and in the hands of the bank.
Third. That when the note became due it was actually charged to Worth in his account with the bank, in part payment of a balance due from the bank to Worth on his deposit account, and the note retained merely as evidence of such charge.
Fourth. That at the time the bank parted with the note, it was actually indebted to Worth for money deposited to an amount greater than the note.
Fifth. That on a settlement between the bank and Worth, before the transfer of the note to the plaintiff, the account of Worth with the bank, including the note in question, was settled and a balance struck in favor of Worth, on the books of the bank and on his pass-book, of $150,46.
The counsel of the plaintiff objected to the admission of the books in evidence, and the referee excluded the evidence; to which decision the defendants excepted.
The referee erred in excluding this evidence. Conceding it to be settled in this state that mere declarations made by the holder of a promissory note while he is the holder and owner, are not admissible against one to whom it is subsequently transferred for value after due, yet the evidence offered should have been admitted. The evidence was more than the declaration of the holder and owner. The entries offered were his act, and operated as an actual acquittance and discharge of the debt due on the note. The learned judge who delivered the opinion of the supreme court affirming the decision of the referee, thought the offer was ambiguous; and that no evidence was offered to prove the time of making the entries except the books themselves. But this does not seem to be the true meaning of the defendant's proposition. It should be understood as an offer to prove by some competent evidence that the entries were made while the bank held and owned the note. It is not necessary, therefore, upon this construction of the offer, to say whether the pass-book when produced may or *Page 278 
may not have been prima facie evidence that the entries were made at the time of their date. The offer, according to a fair construction of it, was to show that they were made while the bank owned the note.
The entries made by the officers of the bank in the pass-book kept between the bank and its customer, are the customer's vouchers for payments, deposits and other transactions with the bank. They are made by the bank and delivered to the customer for his safety, and as written evidence of the facts appearing by the entries. When a customer having deposits in a bank credited on his pass-book, is charged with his note, the charge is an appropriation by the bank of so much of its customer's money in payment and satisfaction of the note. It extinguishes the debt: and the note is thenceforth functus officio. As against a subsequent holder of the note who acquires it after due, it is equivalent to a receipt in full by the bank indorsed on the note, such subsequent holder being chargeable with notice of the equities existing between the bank and the previous parties. The case of Paige v. Cagwin, (7 Hill, 361,) went, to say the least, quite far enough in rejecting the parol declarations of the previous holder against one who subsequently acquired the note after due. But admitting that doctrine to its fullest extent, it cannot apply to this case, nor to any where the previous holder, while he owned the note, put into the hands of the maker, in the usual course of business, written evidence of its payment and discharge. Such written evidence may, it is true, be impeached or contradicted by the subsequent holder, but the burthen of impeaching or contradicting it rests upon him.
If therefore the offer is to be understood here, as it was by the court below, I am of opinion that the referee erred in rejecting it as evidence; and that if no suspicious circumstance appeared on its face leading to a belief that the entries were not made at the time of their date, it should be regarded asprima facie evidence that the note was paid before it went out of the hands of the bank.
It is unnecessary to notice the other points made by the appellant. *Page 279 
The judgment against the appellant in the supreme court must be reversed, and a new trial ordered as to him.
GRIDLEY, J. dissented.
EDMONDS, J. being related to one of the parties, gave no opinion.
Judgment reversed, and new trial ordered.