By the Court.—Gildersleeve, J.
The judgment awards to the plaintiffs $7,000, damages, together with $549.04, costs, for the rental loss sustained by the plaintiffs in their premises Nos. 31 and 33 Vesey street, in this city, by reason of the erection and operation of defendants’ elevated railroad.
The defendants’ counsel relies, in his argument for a reversal of the judgment, upon two alleged errors of the trial judge in the admission of evidence, namely, the admission of entries made by deceased persons in the books of the Meeks’ Estate, unauthenticated by any direct proof as to the time when they were made or as to the knowledge possessed by the persons making them; and also the admission of the leases of various properties, unauthenticated by any proof of possession under them or of the payment of the stipulated rent.
The objections to the admission of the leases, we think, were properly overruled. The agreed rent is a strong evidence of the real value of the use and occupation, Moore v. Deyoe, 22 Hun, 222. It is not, of course, conclusive evidence, but it is some evidence, and is worthy of admission. The defendants’ counsel insists that the plaintiffs should have proved that the leases were acted upon, and were not waste paper; that the lessees took possession of the premises, and paid the rent stipulated for in the leases, and that there were no separate arrangements by which the lessees were allowed to pay less than the rents specified in the leases. But where a lease is properly executed and recorded, the pre *255 sumption is that it is bona fide; and the burden of proof was upon the defendants to show that there were separate arrangements allowing the lessees to pay less than the rents called for by the leases, or that the leases were never acted upon.
Nor do we think the defendants’ objection to the admission of the entries, made in the books of the Meeks’ Estate, well taken. Edward B. Meeks testified that he was the executor of Joseph W. Meeks, deceased, who, in his lifetime,, was the owner of Nos. 14,16, 28 and 30, Vesey street; that in 1876, two years before the death of his father, the said Joseph W. Meeks, he took charge of the books relative to the rents of these buildings for his father ; that when he so took charge of said books, he found certain entries relative to such rents in the books kept by his father for some years prior to 1876, which entries were made in the handwriting of his father or of his brother, also deceased, who had kept the books for his father previous to 1876 ; and that these entries had been made prior to 1876, the time when witness took charge of said books. As the elevated railroad was not built in 1876, it is not to be supposed that the witness’s deceased father would have had any motive for falsifying his entries, in contemplation of bringing a suit for loss of rental value against the railroad company. These entries were to a certain extent made against the interest of the party making them, since they were an admission of payment of rent to him by his tenants; they were entries made in the ordinary course of business; the matter was, presumably, within the peculiar knowledge of the party making them, and there was, apparently, no particular motive to pervert the facts. The party is dead, and his entries in his books are offered in evidence. They are entries made by a third person in his own books in the ordinary course of business. We are of opinion that it was not error in the court below to receive them in evidence. 1 Greenleaf on JEüidence, *256 §§ 116 and 120; Brewster v. Doane, 2 Hill, 537; see also, Jermain v. Denniston, 6 N. Y., 276.
A careful examination of the case of Schule v. Cunningham, 54 N. Y. Super. Ct., 302, relied upon by defendants’ counsel as authority for his contention, discloses a difference that renders it inapplicable to the case at bar. In that case, it did not appear that the entry of the deceased physician, sought to be put in evidence, was of a character usually made in the course of professional duty or in the ordinary course of business of a physician; nor was there anything in the entry or any extraneous proof to show when it was'made. In its opinion, the court, Sedgwick, Ch. J., said: “ The entry did not disclose when it was made. Indeed, part of it indicated that that part was made after the fact referred to was declared to have occurred. Take it altogether it seems to be a condensed history of observations made in times that had passed.” The court did not hold that the entries were incompetent evidence, but that their admission was error because plaintiff failed to prove all the conditions which the law affixes to entitle them to admission.
There are no other questions presented bn this appeal that are of sufficient importance to require discussion.
The judgment and order appealed from are affirmed, with costs.
Freedman, P. J., and Dugro, J., concurred.