F. A. RICHARDSON, W. C. MONROE, JOSEPH MURRAY, GIL-
BERT MARTIN, GEORGE MULLINIX AND C. R. HIGDON v.
ELISHA PENNY.

(Filed Feb. 8, 1900.)

1. APPEAL BOND. An action to recover for breach of a bond given to stay a judgment of the district court pending an appeal to the supreme court, is an action on contract, and the obligors are bound by the terms and conditions of the bond.

2. RECITALS OF APPEAL BOND—*Effect of.* The obligors upon an appeal or supersedeas bond are boundary the recitals in the bond, and where the bond recites that a certain action was pending in district court between certain parties, and that a judgment was rendered in said cause, the obligors in such bond, in a suit thereon, are estopped from saying no such suit was pending or that no valid judgment was rendered therein.

3. COUNTER-CLAIM—*Defined.* A counter-claim is a cause of action existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action.

4. SET-OFF—*Defined.* A set-off is a cause of action arising upon contract or ascertained by the decision of a court, and can only be pleaded in an action founded on contract. It must be independent of and not connected with the contract made the foundation of the cause of action in the petition, and can only be pleaded where there is mutuality of parties. The cause of action sought to be pleaded as a set-off must exist in favor of all the defendants against the plaintiff.

5. USE AND OCCUPATION—*Proof Concerning Rental.* Where a party has obligated himself to pay another the value of the use and occupation of certain real property during a particular period, it is not reversible error to permit the plaintiff to show what the property actually rented for during such period. Such proof is not controlling as to the rental value, but is proper to be considered by the jury under proper instructions by the court in determining the reasonable value of the use and occupation of the property.

6. STATUTE OF LIMITATION—*Cause of Actions Barred by.* A cause of action barred by the Statute of limitations cannot be pleaded as a set-off.

7. DEMURER TO PETITION IN ACTION ON A SUPERSEDEAS BOND—*Not Error to Overrule, When.* It is not error to overrule a demurrer to a petition in an action on a supersedeas bond, where the petition contains the necessary averments as to the execution of the bond, the pendency of the action, the taking of the appeal, the affirmance of the judgment by the supreme court, the recitals in the bond, and which then alleges the breach of the conditions of the bond and the damages sustained.

8. WRIT OF RESTITUTION—*Sheriff's Returns—Contradicting.* While proof may not be admissible for the purpose of contradicting a sheriff's return on a writ of restitution, it is not error to admit evidence as to the manner in which the writ was executed, and to show that while the sheriff did technically give possession to the plaintiff, the defendants in fact retained actual possession and kept the plaintiff out after sheriff had made his return.

(Syllabus by the Court.)

*Appeal from the District Court of Noble County; before Bayard T. Hainer, District Judge.*

*H. B. Martin* and *J. B. Diggs,* for plaintiffs in error.

*H. R. Thurston,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error, Penny, brought an action in forcible entry and detainer, before a justice of the peace against plaintiffs in error, Richardson, Munroe and Murray, to recover possession of eighty feet off the east end of a lot numbered one, in block numbered twenty-eight, in the city of Perry, in Noble county, Oklahoma. Penny recovered judgment before the justice, and Richardson *et al.,* appealed the case to the district court, where the case was again tried and judgment rendered in favor of Penny. Richardson, Monroe and Murray appealed to the supreme court, and gave a supersedeas bond to stay judgment with the other plaintiffs in error as sureties on the bond. The judgment of the district court was affirmed. (*Penny v. Richardson,* 50 Pac. 231; 6 Okla. 328.) Penny then brought two suits in the district court of Noble county, one on the appeal bond given by Richard-

-3

son *et al.*, when they appealed from the judgment of the justice of the peace in the forcible entry and detainer case, and the other on the supersedeas bond given to stay the judgment of the district court pending the appeal in the supreme court. Each suit was against Richardson, Monroe and Murray, as principals, and the sureties on the bond as defendants. The issues were joined in each of the causes, and both were called for trial. On motion of the defendants below, the causes were consolidated, as the purpose of the action on each bond was to recover for the use and occupation of the part of the lot in question during the period covered by the bonds. On the trial of the cause the district court sustained an objection to the introduction of any evidence in support of the cause of action based on the bond given to perfect the appeal from the justice to the district court, and confirmed the proof to the other cause of action. To this ruling no objection is made by Penny, and that question is not involved in this appeal.

On the trial of the cause before a jury, a verdict was returned for the sum of $985.00, and judgment was rendered in accordance with the verdict. Motion for new trial was filed by the defendant below, and overruled, and proper exceptions saved. The defendants below appeal.

A number of alleged errors are assigned, some of which it will not be necessary to review.

It is first contended that the trial court erred in overruling the demurrer to the amended petition. The petition avers that the defendants, Richardson, Monroe and Murray, as principals, and Martin, Mullinix and Higdon as sureties, executed an undertaking to the plaintiff, Penny, by the conditions of which undertaking the de-

fendants bound themselves in the sum of one thousand dollars, that during the possession of eighty feet off the east end of lot 1 in block 28 of the city of Perry, by the plaintiffs in error, F. A. Richardson, W. C. Monroe and Joseph Murray, they would neither commit nor suffer to be committed any waste thereon, and that if the judgment of the district court should be affirmed, they would pay the value of the use and occupation of the property from the 5th day of February, 1896, until the delivery of the possession of said premises pursuant to the judgment, and pay all costs. That said undertaking was duly executed in an action pending in the district court of Noble county, wherein Elisha Penny was plaintiff and F. A. Richardson, W. C. Monroe and Joseph Murray were defendants. That said judgment of the district court was by the supreme court duly affirmed, and that said defendants had been in continual possession and occupancy of said real estate, and had wholly failed and refused to deliver possession thereof to the plaintiff, or to pay any part of the value of the use and occupation thereof, or to pay the costs of the said action. A copy of said bond was filed with the petition, and made part thereof. There was a demand for judgment for the sum of one thousand dollars. It is true this petition is in a measure defective, and is not as specific and certain as good pleading would require; but upon the whole we think it states a cause of action, and there was no material error in overruling the demurrer.

The defendants answered by setting up a general denial, and four other defenses, some of which were in the nature of set-offs.

The second defense pleaded attempted to raise the question of jurisdiction of the district court in the forcible

entry case on appeal from the justice's court. It alleged that the bond given to effect the appeal failed to contain the condition that the defendants would surrender possession of the premises, should judgment be rendered against them, and further averred that the bond was not approved as required by statute. The trial court sustained a demurrer to this defense.

If these questions had been presented to the district court when the forcible entry case was before that court, they might have been material, and possibly might have resulted in a dismissal of the appeal. But after judgment in the district court, and the giving of a supersedeas bond, and judgment in the supreme court, it is too late to raise such objections in a suit on the supersedeas bond.

The bond sued on recites that Penny obtained a judgment in the district court of Noble county against the defendants, Richardson, Monroe and Murray, for the restitution of the lot heretofore described, and for costs of action. That the defendants have taken said cause to the supreme court by writ of error, in order to have the proceedings in said cause reviewed. These recitals in the bond are conclusive on the defendants, and they are now estopped from saying that no cause was pending in the district court.

In the case of *Trimble et al., v. State ex rel., etc.,* 4 Blackford, 435, the supreme court of Indiana at an early day said:

"When a party makes an admission in an instrument under his hand and seal, he is estopped from disputing the facts which he recites. If a condition be to perform the covenants in an indenture, the party cannot say there is no such indenture. * * * If a condition in a bond recite that a particular suit is depending in the Court of

King's Bench, for example, the obligor is estopped from saying there is no such suit there."

In *Stow v. Wise*, 2 Conn. 214, Judge Doggett said:

"Without multiplying authorities upon a point rendered clear by numerous cases, it is sufficient to state that where a party has solemnly admitted a fact by deed under his hand and seal, he is estopped, not only from disputing the deed itself, but every fact which it recites."

And this principle is based upon sound reason. It would be manifestly unfair and unjust to permit the defendants to keep silent upon a material question which it was their duty to bring to the knowledge of the trial court, and after getting the benefit of a trial and hearing on the issues presented, and after giving a bond which in effect stayed the judgment of the lower court, and enabled them to still enjoy the use and profits of the property the court had adjudged they were not entitled to, and after getting the cause reviewed in the supreme court, and all had been decided adverse to them, still hold on to the property, and when suit is brought on the bond allow them to say, "We were only trifling with the rights of the adverse party and with the courts. No cause was ever pending in the courts." Having executed their solemn obligation to pay to the plaintiff the value of the use and occupation of the real estate in controversy, and recited in this obligation, that a suit was pending between the adverse parties in the district court, and that judgment was rendered against them, the law says they shall not be permitted to contradict such recital, but shall be bound thereby.

The third defense set up in the answer undertook to plead a superior title in the defendant, Richardson, acquired after the judgment was rendered against him in

the forcible entry and detainer case. He alleged among other things that he became the owner of the title to said lot by conveyance from one Case, who obtained title from the United States through townsite trustees, and that the deed from Case to him was executed on the 9th day of January, 1895.

The judgment in the forcible entry case was rendered in the district court of Noble county, in November, 1895, and the bond sued on in this case was executed on the 5th day of February, 1896, and one of the express stipulations in the bond was that if the judgment of the district court should be affirmed, they would pay the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession pursuant to the judgment.

It was no defense to this agreement that Richardson was the owner of the property plaintiff was seeking to recover on the bond, and the defendants were bound by the terms of the bond. The question of title or right to possession was not involved, and could in no way be made a proper defense to the action on the bond.

It had been declared by judgment of the court that the defendants forcibly entered the plaintiffs possession, and restitution had been ordered. Before they could comply with the judgment or relieve themselves of the burdens of their bond, or even place themselves in the position to assert any right to the use, occupation or rents of the property, they were bound to openly surrender their wrongfully obtained possession, and give the plaintiff that which they had forcibly wrested from him. They failed to aver that they had done this, and hence the third defense was not sufficient to warrant the court in ad-

mitting any proof under it, and no error was committed in rejecting it.

The fourth defense is attempted to be pleaded as a counter-claim or set-off. The court refused to receive any proof in support of its allegations. This paragraph of the answer sets up that one Case was the owner of the west seventy feet of lot 1, block 28, in the city of Perry, and entitled to the use and occupation of same from the 16th day of September, 1893, to the 9th day of January, 1895. That the rental value of same was $75.00 per month; that the plaintiff, Penny, used and occupied all of said lot during said time. That Penny was indebted to Case for rent of said seventy feet, in the sum of $1,200. That on January 9, 1895, Case sold and assigned said claim to defendant, Richardson, and he asked that this amount be set off against the amount found due Penny on the bond.

There was no error in rejecting the proof to establish the allegations of this defense or set-off. The claim sued on was barred by the statute of limitations. If it was an action upon an implied contract, it was barred within three years. If it was for trespass upon real estate, it was barred in two years. The set-off pleaded must be treated the same as the commencement of an action. The answer was filed May 24, 1898, more than three years after the last item of charge for rent on the claim sued on as a set-off.

The fifth defense was also denominated a counter-claim or set-off, and the court sustained the objection to the introduction of any evidence in support of its allegations. This paragraph averred that on the 9th day of January, 1895, the defendant, Richardson, became entitled

to the use, occupation and rents of the west seventy feet of the lot in controversy. That the reasonable rental value of said west seventy feet was $15.00 per month. That the said Penny, from said 9th day of January, 1895, to the — day of March, 1898, used, occupied and enjoyed said west seventy feet, and thereby became indebted to said Richardson in the sum of $585.00, which was due and unpaid, and he asked for judgment against Penny for said sum.

This pleading is somewhat informal, and is improperly designated. It contains none of the essential elements of a counter-claim. It relates to a wholly independent subject matter and transaction. A counter-claim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action.

The claim for rent for the west· seventy feet of the lot does not arise out of the contract set forth in the petition, nor is it connected with the subject of the action.

A set-off is a cause of action in favor of the defendant and against the plaintiff, arising upon contract or ascertained by the decision of a court.

The fifth defense sets up a claim for rent on account of the use of the west seventy feet of lot 1, block 28, which is an action arising upon implied contract. The plea shows that this is an individual claim of the defendant Richardson, against the plaintiff, Penny. It does not appear that either of the other defendants have any interest in this claim for rent, or are any facts pleaded which tend to show any valid reason why one defendant should be

allowed to set off an individual claim against the plaintiff's demand on the contract. If this claim could be classed as a counter-claim, then under our statute relating to counter-claims, it might be pleaded by Richardson in his own right to reduce any several judgment that might be rendered against him. But we find no similar provision in the statute in reference to a set-off. The claim for a set-off is pleaded by all the defendants as a joint demand against Penny, but the facts pleaded show that it is not joint, but the separate claim of only one of the joint defendants; hence, it does not show a cause of action in favor of all the defendants against the plaintiff. But had it been pleaded as the individual demand or claim of Richardson alone, it could not be allowed. It was held in the case of *Murphy et al., v. Colton et al.*, 4 Okla. 181, that "Except where the code has otherwise provided, mutuality is essential to set off." It is true in that case the court had under consideration the provisions of the code of 1890, but the same rule is applicable under the present code, as the code of 1893 contains no provision changing or modifying the rule as to mutuality of parties.

A demand to be available as a set-off must be a demand of all the defendants against the plaintiff.

No error was committed in sustaining the objection to introduction of testimony under the fifth defense.

It is next contended that the court committed error in permitting the plaintiff below to introduce in evidence the mandate of the supreme court in the forcible entry case of *Penny v. Richardson.* It seems that the mandate had the entire opinion attached to it, and it was all permitted to go to the jury. This we think was error. The opinion of the court was the law of that case. It was not

necessary to prove the law, but we are unable to see how this could prejudice the defendant, and we do not think it did.

The plaintiff was permitted to introduce in evidence the judgment, record and files in the case of *Penny v. Richardson* in the district court. While the recitals in the bond was conclusive on the defendants that such a case had been pending in the district court, and that a judgment was rendered therein in favor of Penny and against the defendants and such facts needed no further proof, yet the evidence admitted only tended to prove an established fact, and such evidence could not prejudice the rights of the defendants.

In order to prove the value of the use and occupancy of the premises in question, the plaintiff introduced the testimony of witnesses who were familiar with the property, and of rental values generally, in the immediate locality of this lot, and they gave their judgment as to the monthly rental value of the property. In addition to this testimony, the court permitted to plaintiff to prove the monthly rentals collected by Richardson from the tenants who had occupied the property under him during the period covered by the bond. This latter evidence was objected to and exceptions saved. While the reasonable rental value of the property was the fact to be determined by the jury, we think there was no prejudicial error in permitting this evidence to go to the jury. The actual rents paid for the property for ordinary purposes during the period for which plaintiff was entitled to recover, was a fact among others which the jury might well consider in determining the reasonable rental value of the property.

There was not such error committed in admitting this testimony to go to the jury as will warrant a reversal of the case.

It is next contended that the court should have confined the evidence of the plaintiff to proof of the rental value of the lot, exclusive of the improvements. We cannot concur in this contention. The action was one to recover on the bond, on a contract in writing; the terms of which were that the defendants would "pay the value of the use and occupation of the property." The property referred to was described in the recitals of the bond as "Eighty feet off the east end of lot 1, in block 28, in the city of Perry."

There was nothing in the pleadings or in the bond to rebut or even question the legal presumption that the lot embraced all the improvements thereon. If the defendants had intended to limit their liability to the rental value of the naked lot, they should have so specified in the bond; and having given the bond to cover the "property," which included lot and improvements, they could not afterwards limit such liability by confining the proof to a portion of the property.

Nor was there any error in excluding the evidence offered by the defendants for the purpose of showing that Penny was not the owner of the building. (*Campbell v. Coonradt*, 26 Kans. 67; *Coonradt v. Campbell*, 29 Kans. 391.)

It was contended by plaintiffs in error that Penny had been put in possession of the property in controversy on the 7th day of November, 1897, and that the court should have limited his right of recovery to a period prior to that date. It was shown that a writ of restitution is-

sued and was delivered to the sheriff, and he made a re-
turn on the writ to the effect that he executed the writ
by giving to Elisha Penny possession of the premises de-
scribed, on the 7th day of October, 1897, and it is now con-
tended that this return is conclusive.  The court permitted
evidence to be introduced, not to contradict the return,
but to show the manner in which the officer put Penny in
possession.  It appeared that the officer went with Penny
to the tenant occupying the property, and told the tenant
he must pay the rent to Penny, or he would put him out.
The tenant then paid some rent to Penny, and before the
officer could serve the writ on the defendants he was en-
joined by an order of court from further proceedings, and
that the defendants continued in possession of the prop-
erty.

The question as to whether the defendants had com-
mitted a breach of the bond was one for the jury.  They
had obligated themselves by the terms of the bond to pay
rent from date of the bond until the delivery of the pos-
session by them.  The technical possession given by the
officer in the manner shown would not satisfy the condi-
tions of their bond, if they still remained in the actual con-
trol and occupancy of the lot.  The court submitted the
question of fact to the jury, as it was proper he should
do, and the jury found that the only delivery of possession
to Penny was that of the tenant, at the time the sheriff
went to the premises with Penny.  The defendants, in
view of the fact that they never at any time surrendered
possession, either in obedience to the judgment of the
court, or in compliance with the terms of the bond, are in
no position to claim exemption from the penalties of the
bond by reason of the technical possession shown by the

sheriff's return. If the plaintiff actually obtained any possession, it was of such a short and fleeting duration and character that it never availed him anything, or interfered with the defendants.

There is no error in the rulings of the court in this matter that warrants a new trial of the cause.

The instructions requested by the defendants and refused by the court, none of them, singly or as a whole, state the law as applicable to the issues and facts in this case, and there was no error in refusing them.

We have examined the instructions given by the court and think they present the law of the case clearly, fairly and fully, and that no tenable objection can be made to them.

There was no error committed in the giving or refusing instruction.

It is further contended that the court should have rendered judgment for the defendants on defendants' motion for judgment on the special findings of fact. This motion is as follows:

"Come now the defendants in the above entitled cause, and move the court to enter judgment for the defendants on special findings of facts of the jury in said cause, for the sum of four hundred and eighty-five dollars, the same being the amount of damages found by the jury as the value of the premises described in the pleadings in this cause accruing after October 7, 1897, for the reason that said special findings establish the fact that the plaintiff herein entered on said premises and took possession thereof on the 7th day of October, 1897."

It requires no reasoning or argument to show that no error could be committed in overruling this motion. There was neither pleadings, proof or findings that would warrant the court in rendering a judgment for defendants.

The motion for new trial involves the questions already reviewed. We have examined the whole record and are of the opinion the judgment should be affirmed.

The judgment of the district court of Noble county is affirmed at costs of plaintiffs in error.

Hainer, J., having presided in the court below, not sitting; all the other Justices concurring.