## STAUFFER *et al.* v. CAMPBELL.

### No. 1118.  Opinion Filed October 10, 1911.

#### (118 Pac. 391.)

1. **SET-OFF AND COUNTERCLAIM—Subject-Matter—Mutuality of Demands.** Under sec. 5635, Comp. Laws 1909, a defendant may plead and prove a set-off or counterclaim of a proper nature in defense of the liability sought to be enforced by the plaintiff; and it is not necessary that the same shall exist as between all parties plaintiff and defendant in such action.

2. **LIMITATION OF ACTIONS — Operation — Effect of Set-Off or Counterclaim.** A counterclaim pleaded as a defense or a set-off pleaded for the purpose of liquidating the whole or a part of plaintiff's claim, is not barred by the statute of limitations, until the claim or the demand of the plaintiff is barred.

3. **PLEADING—Motions—Judgment on Pleadings.** It is error to sustain a motion for judgment on the pleadings, where there is on file, undisposed of, an answer of one of the defendants, setting forth that plaintiff is indebted to him on account in a sum in excess of plaintiff's demand.

(Syllabus by Sharp, C.)

*Error from Garfield County Court; James B. Cullison, Judge.*

Action by John Campbell against Jacob Stauffer and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

On April 23, 1909, plaintiff below, John Campbell, brought an action in the county court of Garfield county against defendants Jacob Stauffer, Fred Stauffer, John Arends, and W. B. Johnston, on a certain statutory supersedeas bond, given by defendant Jacob Stauffer as principal, and signed by the others as sureties. On May 21, 1909, defendant Jacob Stauffer filed his answer, and pleaded as an offset to his admitted liability an account for goods sold and delivered by him to plaintiff, amounting to $300, and an itemized statement of which account was attached to and made a part of said defendant's answer, and which account said defendant alleged to be just, due, and correct, and wholly unpaid, and asked that he be given credit as a

set-off against plaintiff's judgment in the said sum of $300, and for other relief. On June 15, 1909, defendants Fred Stauffer, John Arends, and W. B. Johnston filed their separate answer, adopting the answer of defendant Jacob Stauffer. Thereafter plaintiff filed his motion for judgment on the pleadings filed in said case, and over the alleged pretended answers of defendants, and which motion was, on July 20th following, sustained, and judgment rendered for plaintiff below according to the prayer of his petition, and to which rulings of the court defendants excepted, and have brought the case here for review.

*A. J. Jones,* for plaintiffs in error.

*Guy S. Manatt* and *J. M. Dodson,* for defendant in error.

Opinion by SHARP, C. (after stating the facts as above). The sole question to be determined in this case is, Did the court err in rendering judgment on the pleadings in favor of defendant in error and against plaintiffs in error?

Defendant in error, in his brief, contends that the set-off attempted to be pleaded by plaintiffs in error was improperly interposed as a defense to the bond, for two reasons: (1) There was a lack of mutuality between the parties. (2) Because the alleged claim of Jacob Stauffer, intended as a set-off or counter-claim, was indefinite, uncertain, unverified, and barred by the statute of limitations.

In support of these two propositions, counsel cites *Murphy v. Colton,* 4 Okla. 181, 44 Pac. 208, *Richardson et al. v. Penny,* 10 Okla. 32, 61 Pac. 584, and *McClure v. Johnson,* 10 Okla. 663, 668, 65 Pac. 103. In *Murphy v. Colton, supra,* in the syllabus, it is said:

"Under the 1890 Code of Procedure in this territory, mutuality was essential to a set-off, and one of two defendants sued jointly could not set off against plaintiff's claim an account due to one, and not to both, defendants."

In *Richardson et al. v. Penny, supra,* it was held: "The cause of action sought to be pleaded as a set-off must exist in favor of all the defendants against the plaintiff."

In *McClure v. Johnson, supra,* the court held that the three-year statute of limitations upon a contract, express or implied, not in writing, applied to a set-off or counterclaim interposed as a defense, and reversed the judgment of the trial court, with instructions to sustain the demurrer filed by the plaintiff below to defendant's answer, setting up the three-year statute of limitations.

In this case, as in *Loeb v. Loeb et al.,* 24 Okla. 384, 103 Pac. 570, counsel for both parties evidenty overlooked the statute passed by the territorial Legislature in 1905, found in section 3, art. 7, c. 28, p. 328, of the Sess. Laws of 1905 (sec. 5635, Comp. Laws 1909), which is as follows:

"Sec. 5635.   Counterclaim.—The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action.   The right of relief concerning the subject of the action mentioned in the same section must be a right to a relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein:   Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him.   Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

This statute, with the construction placed thereon in the foregoing case, completely disposes of the question of lack of mutuality.   As was said by Dunn, J., in referring to the statute quoted:

"The foregoing statute is in keeping with the general trend of judicial expression on this subject in the different states of the Union, even where there is no such statute, and in our judgment its passage was prompted by the holding of the Supreme Court in the cases upon which the plaintiff relies."

If the answer of defendant Jacob Stauffer states a cause of action in his favor and against plaintiff below, John Campbell, and said defendant is entitled to the relief sought, then this same statute determines the second proposition contained in the brief of defendant in error. The concluding portion of this statute provides that the set-off or counterclaim shall not be barred by the statute of limitations until the claim of the plaintiff is so barred.

The supersedeas bond upon which plaintiff brought this action was dated January 3, 1908, and was not barred at the time that the obligee thereunder instituted his action on said bond; hence it is clear, and does not require resort to any known canon of statutory construction to determine, that under this wise and equitable statutory provision defendant below, Jacob Stauffer, had the full right to interpose as an off-set against his liability on the supersedeas bond such indebtedness, properly the subject of set-off, as may have been due and owing him by defendant in error.

This provision of the statute, it will be noticed, is limited to causes of action barred by limitations, when pleaded as a set-off or counterclaim. The statute permits and authorizes the filing of a proper set-off, without regard to mutuality of parties, or the fact that the set-off is barred by the statute, providing only that the claim of the plaintiff is not barred.

The answer of Stauffer, adopted by his codefendants, alleged an existing indebtedness on open account due him from plaintiff in the sum of $300, and, while this affirmative defense is imperfectly stated, we think it was error for the court below to sustain the motion for judgment on the pleadings.

In *Manning v. Stroud State Bank,* 26 Okla. 625, 110 Pac. 650, the trial court rendered judgment on the pleadings at a time when there was on file an unverified answer, denying the execution of the note sued on, but which answer was sworn to before the clerk of the court on the day of trial, but without leave of the court having first been obtained. No motion was made to

strike the answer from the files on account of improper verification, and the court held:

"As long as the answer remained on the file verified, though without permission of the court, it was error to render judgment for the plaintiff against the defendant on the pleadings."

In *Prost v. More,* 40 Cal. 347, in the syllabus, it is said:

"Where facts showing illegality of the contract sued upon are sufficiently alleged in the answer, the plaintiff cannot recover upon the pleadings, although such facts are not pleaded or insisted upon as a defense."

Motion for judgment on the pleadings in this case was granted by the trial court, and reversed on appeal.

In *Amador County v. Butterfield,* 51 Cal. 526, the syllabus reads:

"Judgment cannot be rendered on the pleadings on motion of plaintiff, if the answer contains a denial of material allegations of the complaint, even if the answer sets up a special defense separately stated, which admits the allegations denied."

The court held that the motion for judgment on the pleadings should have been denied, and for that reason the judgment was reversed, and the cause remanded. *Botto v. Vandamant,* 67 Cal. 332, 7 Pac. 753.

A judgment on the pleadings may be rendered on motion of plaintiff, when the answer admits or leaves undenied all the material facts stated in the complaint, but such a judgment cannot be given where the pleadings of the defendant set up a substantial and issuable defense. 23 Cyc. 769.

Defendant Jacob Stauffer, having the right to plead an offset as a defense to his liability on the bond, was, by the action of the court in rendering judgment on the pleadings, denied an opportunity to have his claim heard and adjudicated. Imperfections, or the lack of formality, in pleading cannot be raised and determined upon a motion for judgment on the pleadings, providing a cause of action be stated, or counterclaim, set-off, or defense be pleaded, and the court therefore erred in sustaining the motion of defendant in error.

The judgment of the trial court should therefore be reversed, and the cause remanded for further proceedings in conformity with this opinion.

By the Court: It is so ordered.

All the Justices concur.