### CHISM et al. v. MAJORS.

No. 11454—Opinion Filed June 26, 1923.

Rehearing Denied July 31, 1923.

**1. Indians—Overlapping Agricultural Lease —Validity.**

A lease of a full-blooded Indian of the Five Civilized Tribes of his restricted homestead allotment executed on the 29th day of October, 1918, to commence January 1, 1919, and to terminate December 31, 1919, is not void on account of being an overlapping lease, where it is shown upon the trial that it was necessary to take such lease at that date in order to control a course of cultivation to be pursued for the ensuing year.

**2. Adverse Possession — Peaceable Possession as Evidence of Title.**

One who is in the peaceable possession of real estate has a title good against all the world for every purpose until a superior title is shown, and such possession a prima facie evidence of title against the mere intruder.

**3. Damages—Measure—Wrongful Occupation of Land—Value of Crop Shares.**

In an action for damages for the wrongful occupation of real property, where it is shown that the usual and customary rental paid for like lands in the vicinity is a proportion of the crops produced, it is not error to permit the plaintiff to prove the value of such proportion of the crops produced on such lands during the wrongful occupation thereof by the defendant.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by L. D. Majors against P. M. Chism, John Heath, and Monroe Cash. Judgment for plaintiff, and defendants bring error. Affirmed.

Bridges Vertrees & Anderson and W. Y. Dilly for plaintiff in error.

Green & Pruet, for defendants in error.

Opinion by DICKSON, C. This is an appeal from a judgment in the district court of Jefferson county. It appears that the defendant in error had been in possession of a tract of land in said county for several years under leases executed by Willie Alexander, a full blood Indian of the Five Civilized Tribes, said lands being the homestead allotment of said Alexander.

On the 29th day of October, 1918, and while the defendant in error was in possession of said lands under a previous lease, the allottee executed a new lease to defendant in error to commence on January 1, 1919, and to expire on December 31, 1919.

The plaintiffs in error John Heath and Monroe Cash claimed in the trial court the right to possession of said allotment for the year 1919 by virtue of the lease executed by said allottee on the 4th day of October, 1917, and to commence on the 1st day of January, 1919, and to expire December 31, 1919. On January 1, 1919, and during the temporary absence of the defendant in error from the land, the plaintiffs in error John Heath and Monroe Cash, claiming under said lease of October 4, 1917, put the plaintiff in error P. M. Chism in possession of said lands, and Chism held, occupied, and cultivated the lands for the year 1919.

On December 31, 1919, the defendant in error filed suit in said district court against said plaintiff in error for damages and for the wrongful occupation of said land. The case was tried on the 8th day of March, 1920, and at the close of the testimony, by agreement of the parties the jury was discharged and the matters in controversy submitted to the court. Judgment was given for the defendant in error for $452.50, from which said judgment this proceeding in error is prosecuted.

The plaintiffs in error rely upon two propositions for a reversal of this case:

"(1) That the defendant in error's lease was invalid.

"(2) That the court erred in permitting the defendant in error to prove as his damages the value of one-fourth of the cotton and one-third of the small grain raised on said land by the plaintiff in error."

It is now conceded that the lease of October 4, 1917, was invalid and gave to the plaintiffs in error no right whatever to take possession of said lands. Neither is

it denied that the defendant in error was in possession of said lands on January 1, 1919.

The lease of the defendant in error was taken on October 29, 1918, and was to commence on January 1, 1919, and to expire December 31, 1919. The plaintiffs in error contended that this was an overlapping lease, and void. With this we cannot agree.

On the trial of the case there was some evidence introduced to show that it was necessary to take this lease as early as October 29th, in order to control the course of cultivation for the ensuing year; and in Carden v. Humble, 76 Okla. 165, 181 Pac. 104, in the opinion by Mr. Justice McNeill, it is said:

"The courts have adopted or practically adopted the rule that a full-blood may lease the homestead for a period of one year by verbal lease as stated in the case of U. S. v. Noble, 237 U. S. 74, 35, Sup. Ct. 532, 59 L. Ed. 844. Then the same rule and reason would apply to a lease to begin in the future that would apply to a written lease for five years to begin in the future. This court has laid down the following rule in the case of Hudson v. Hildt:

" 'A valid lease for agricultural purposes of a restricted Creek allotment may be made during the existence of a prior, valid lease, provided it is made for a fair rental, near the termination of the existing lease, and that it does not extend the term more than five years from the date of the last lease.' Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063; Brown v. Van Pelt, 64 Okla. 109, 165 Pac. 102.

"Under the reasoning of the above entitled cases, an oral lease made in September or October, 1914, for a fair consideration, beginning January 1. 1915, for the year 1915, is valid although there was a valid lease on said land, which did not expire until December 31, 1914."

The trial court had all the evidence before it, and found that the lease was valid It is true that the defendant in error testified that the existing lease did not expire until January 31, 1919, and the lease of October 29, 1918, was to commence on January 31, 1919, and the lease of October 29, 1918, was to commence on January 1, 1919, but it appears that the intention of the parties was that the new lease should commence at the expiration of the old, and this statement was manifestly due to a confusion of dates.

But even if the lease of October 29, 1918, had been invalid, still the plaintiffs in error would be in no better condition. The defendant in error was in possession and had paid the rental for the year 1919, and his possession was absolutely good as against the plaintiff in error who had no right to the possession whatever.

"Possession is one degree of title, though the lowest and is such an interest in land that one who had the bare possession may maintain ejectment against a mere wrongdoer who intrudes into possession." Foust v. Territory, 8 Okla. 541, 58 Pac. 728; Grant Timber Co. v. Gray, 121 La. 865, 60 South. 374; City of Oklahoma City v. Hill Brothers, 6 Okla. 114, Pac. 242. This disposes of the first contention of the plaintiffs in error.

The trial court, over the objections of the plaintiffs in error, permitted the defendant in error to prove the amount of cotton and grain produced upon the land during the year 1919, and the value thereof, and rendered judgment for the value of one-fourth of the cotton and one-third of the grain. There is no contention that the judgment was excessive, but it is contended that this case ought to be reversed for the reason that this evidence was incompetent. The measure of damages in cases of this character is fixed by section 5997, Comp. Stats. 1921:

"The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 5998, 6004, 6005 and 6006, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession."

Under an identical statute, the Supreme Court of North Dakota holds where the defendants unlawfully occupied plaintiff's property and cropped the same, and the value of the plaintiff's interest was by custom one-fourth of the value of the crop, judgment for such sum in plaintiff's favor was properly rendered under Rev. Civ. Code No. 2313, making the detriment caused by the wrongful occupation of real property the value of its use for the time of such occupation. Baldwin v. Bohl, 23 S. D. 395, 122 N. W. 247.

"The agreed rent is strong evidence of the real value of the use and occupation." Greenwood v. Manhattan Ry. Co., 19 N. Y. Supp. 702.

In Richardson v. Penny, 10 Okla. 32, 61 Pac. 584, the court says:

"The court permitted plaintiff to prove the monthly rentals collected by Richardson from the tenants who had occupied the property under him during the period covered by the bond. This latter evidence was objected

to and exceptions saved. While the reasonable rental value of the property was the fact to be determined by the jury, we think there was no prejudicial error in permitting this evidence to go to the jury. The actual rents paid for the property for ordinary purposes during the period was a fact among others which the jury might well consider in determining the reasonable rent value of the property."

The plaintiff in the trial court alleged and proved that the usual and customary rent paid for like lands in the vicinity for the year 1919 was one-fourth of the cotton and one-third of the grain produced, and in support of this contention proved that that was the rental value of this particular tract, as agreed upon by the defendants themselves. In other words, the defendants Heath and Cash wrongfully put Chism in possession of this tract of land, and charged and collected as rent the value of one-fourth of the cotton and one-third of the grain produced thereon, and in the absence of any proof whatever to the contrary, we think the method adopted by the trial court in assessing the damages was right.

It is therefore recommended that the judgment appealed from be affirmed.

By the Court: It is so ordered.