## ENDICOTT et al. v. FISHER.

No. 11789—Opinion Filed Oct. 16, 1923.

### 1. Forcible Entry and Detainer—Appeal—Liability on Bond.

In an action to recover on an appeal bond in a forcible entry and detainer case. appealed from a justice court, it is not error to permit the plaintiff to prove what the land actually rented for. and the value of the rental portion of the crops grown on such land: but such proof is not controlling as to the value of the use and occupation or the rental value for such land. but is a fact to be considered with other facts in determining the value of the use and occupation or the rental value of said land.

### 2. Same—Measure of Damages.

The measure of damages a plaintiff is entitled to recover on an appeal bond in a forcible entry and detainer case, appealed from a justice of the peace court, is double the value of the use and occupation or double the cash rental value of the land, but if such land has no cash rental value in its locality, then the measure of damages is double the value of the rental portion of the crops grown on said land.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by F. W. Fisher against Will L. Endicott and G. H. McElroy. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

W. V. Pryor and C. B. Lockwood, for plaintiffs in error.

Leroy J. Burt and Robert B. Keenan, for defendant in error.

Opinion by JARMAN, C. This action was filed in the district court of Creek county by F. W. Fisher, as plaintiff, against Will L. Endicott and C. H. McElroy, as defendants, to recover against them as sureties on an appeal bond in a forcible entry and unlawful detainer case, appealed from the justice court to the district court. The case was tried to a jury, resulting in a verdict for the plaintiff in the sum of $1,000, on which judgment was rendered, and the defendants bring error.

F. W. Fisher commenced an action against I. P. Cook in the justice court of J. V. Frazier, a justice of the peace in Creek county, for the possession of real estate, and judgment was rendered in favor of said F. W. Fisher in the justice court, from which the defendant, Cook, appealed to the district court of Creek county, and executed an appeal bond in the sum of $1.000. with the defendants in the instant case, Will L. Endicott and G. H. McElroy, as sureties thereon, in conformity with section 5475, Rev. Laws 1910, being section 1019, Comp. Stat. 1921, and contained the statutory provision, "if judgment should be rendered against the appellant, Cook, that the bondsmen would pay double the value of the use and occupation of the property from the date of the bond until the delivery of the property pursuant to the judgment." On appeal the cause was tried in the district court, resulting in a judgment in favor of Fisher and against the appellant, Cook. The plaintiff, Fisher, filed the instant case, as above stated, against Endicott and McElroy as sureties on this

appeal bond, to recover double the value of the use and occupation of the property detained by Cook.

The defendants assign as error that no competent evidence was produced by the plaintiff in the trial court to support a judgment for damages, and that the trial court erred in overruling the demurrer to the plaintiff's evidence, and refusing to instruct a verdict for the defendants.

The premises in controversy were farming lands and as a measure of the damages that the plaintiff suffered, evidence was introduced, over the objection of the defendants, to show the amount of corn and cotton that was grown on the premises during the time the same was unlawfully detained, and to show what the value of the rent, one-third of the corn and one-fourth of the cotton, amounted to. No evidence was introduced by the plaintiff to show what was the rental value of such property or to show what was the value of the use and occupation of such property during the time it was unlawfully detained. There was evidence produced to show that this property had a rental value, and the defendants offered to prove what the rental value generally, of such property in the community where this property was located, was, but the court refused to permit this evidence on the part of the defendants. The sole question, then, before this court is whether crop rent of lands that are unlawfully detained is the proper measure of damages.

The section of the statute under which the bond was given that forms the basis of this action is as follows:

"In appeals taken by the defendant in actions for the forcible entry and detention, or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not commit or suffer waste to be committed on the premises in controversy; and if, upon the further trial of the case, judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property, pursuant to the judgment, and all damages and costs that may be awarded against him." Section 5475, Rev. Laws 1910, sec. 1019, Comp. Stat. 1921.

It will be noted that the amount for which the sureties on the appeal bond are liable is "double the value of the use and occupation of the property."

Section 2881, Rev. Laws 1910, being section 6005, Comp. Stat. 1921, provides that where a tenant willfully holds over real property after the end of his term and after notice to quit has been duly given, and demand

of possession made, that "the measure of damages is double the yearly value of the property," etc.

Section 2880, Rev. Laws 1910, being section 6004, Comp. Stat. 1921, provides as follows:

"For the failure of a tenant to give up the premises held by him, when he has given notice of his intention to do so, the measure of damages is double the rent which he ought otherwise to pay."

It is clear from the reading of the sections of the statute, above quoted, that the measure of damages in an action based upon an appeal bond, as in this case, is not double the rent, but is double the rental value or the value of the use and occupation of the premises. It was competent evidence to show the actual rents from the crops grown on the premises during the period for which the defendants were liable, and the same would be a fact to be considered with the other facts in determining the reasonable rental value of the property; but in this case there was no evidence to show, or tending to show, what the reasonable rental value of this property was, although it was shown that it had a rental value.

In the case of Richardson v. Penny, 10 Okla. 32, 61 Pac. 584, suit was brought to recover on an appeal bond executed by the defendant for the purpose of appealing from a judgment for the unlawful detention of certain real property and the court there held:

"Where a party has obligated himself to pay another the value of the use and occupation of certain real property during a particular period, it is not reversible error to permit the plaintiff to show what the property actually rented for during such period. Such proof is not controlling as to the rental value, but is proper to be considered by the jury under proper instructions by the court in determining the reasonable value of the use and occupation of the property."

In the body of the opinion, in discussing the question of the measure of damages, the court in the case of Richardson v. Penny, supra, at page 42, stated:

"In order to prove the value of the use and occupancy of the premises in question, the plaintiff introduced the testimony of witnesses who were familiar with the property, and of rental values generally, in the immediate locality of this lot, and they gave their judgment as to the monthly rental value of the property. In addition to this testimony, the court permitted the plaintiff to prove the monthly rentals collected by Richardson from the tenants who had occupied the property under him during the

period covered by the bond. This latter evidence was objected to and exceptions saved. While the reasonable rental value of the property was the fact to be determined by the jury, we think there was no prejudicial error in permitting this evidence to go to the jury. The actual rents paid for the property for ordinary purposes during the period for which plaintiff was entitled to recover, was a fact among others which the jury might well consider in determining the reasonable rental value of the property."

In discussing the question of the measure of damages in an action of forcible entry and detainer, the court in the case of Chisholm v. Weise, 5 Okla. 217, held:

"The damages are measured under the statute by the rental value of the premises withheld. It is not for rents the action is brought, but for the possession and damages, measured by the actual rental value, and the statute measures the damage by a sum equalling double the amount of such rental value."

If the testimony had disclosed that this property did not have a cash rental value in the community in which it was located but that the usual and customary rent paid for such lands in that vicinity was a proportion of the crops grown on such lands, then the value of the crop rental of crops grown on the premises would be the measure of damages that the plaintiff would be entitled to recover. Chism v. Majors, 92 Okla. 45, 217 Pac. 465. But in view of the showing made by the evidence in the case that the lands in question had a rental value, the evidence of the value of the rents from the crops grown on said premises does not constitute the measure of damages, and the same is not sufficient to support the verdict and judgment for the plaintiff and the demurrer of the defendants to the evidence and their motion for a directed verdict should have been sustained.

The judgment of the lower court is, therefore, reversed and remanded for a new trial.

By the Court: It is so ordered.