[No. 8,537. Department One.—March 19, 1885.]

## ALBERTO TRISCONY, APPELLANT, *v.* U. BRANDENSTEIN ET AL., RESPONDENTS.

TRESPASS TO LAND—WRONGFUL ENTRY—LIABILITY OF OWNER OF CATTLE—STATUTE OF LIMITATIONS.—Every wrongful entry upon land in the occupation or possession of the owner constitutes a trespass, for which the owner may maintain an action for damages ; and if the entry be made by animals belonging to the wrong-doer, he is responsible for their trespass. Such an action is not barred by the statute of limitations until the expiration of three years after the cause of action arose.

ID.—REMEDIES OF LAND OWNER—DISTRAINT.—The act of February 4, 1874, giving a remedy by process *in rem* against the cattle trespassing, does not take away the remedy to recover damages from their owner for the trespass, where the cattle were not distrained *damage feasant*.

ID.—PLEADINGS—DEMURRER.—The failure of the owner of the land upon which the alleged trespass was committed, to comply with certain statutory requirements in connection with his land, conceding it to be a defense to an action for the trespass, cannot be taken advantage of by demurrer to a complaint in which no such fact is alleged.

APPEAL from a judgment of the Superior Court of Monterey County.

Action to recover damages for a trespass to land. The defendant demurred to the complaint, on the grounds that the action was barred by section 8 of a special trespass law, applicable to Monterey County (Statutes 1873–4, p. 50) ; that the cause of action arose more than sixty days before the action was commenced ; and that the complaint did not show that the plaintiff had availed himself of the first seven sections of such act. The further facts are sufficiently stated in the opinion of the court.

*Geil & Morehouse*, for Appellant.

The complaint contains all the necessary allegations to the creation of a legal liability on the part of the defendants. The special demurrer was not well taken, because none of the grounds of demurrer appear on the face of the complaint. (Code Civil Proc., § 433 ; *Phœnix Bank* v. *Donnel*, 40 N. Y. 410.) If the act of 1873 be a bar to plaintiff's cause of action, it must be taken advantage of by answer. (Code Civil Proc., § 434 ; *Phœnix Bank* v. *Donnel*, 40 N. Y. 410.)

*S. M. Swinnerton*, for Respondents.

The action was barred by section 8, of the act of 1873–4. Such statute limits the plaintiff to sixty days in which to bring an action for trespass committed by cattle of another.

McKEE, J.—The court below sustained a demurrer to the complaint in this action. Plaintiff declined to amend. A final judgment was thereupon entered, from which he has appealed, and the sole question presented on the appeal is, whether the complaint sufficiently states a cause of action.

The statement of facts in the complaint shows : That the plaintiff, on and prior to the 1st of January, 1881, was the owner, entitled to possession, and in the possession of certain lands, situate in the county of Monterey, on which there was growing and standing a large amount of "grass, pasturage, and feed," of the value of $3000, said lands being separated from the land of defendants by a division fence ; and that the defendants, on the 1st of January, 1881, "wrongfully and unlawfully

entered " upon the plaintiff's lands, and from thence until No-
vember, 1881, depastured the same with 500 head of cattle,
and ten head of horses, to the plaintiff's damage.

Those facts were sufficient to constitute a cause of action.
It is elementary law, that every wrongful entry upon lands in
the occupation or possession of the owner constitutes a trespass,
for which the owner may maintain an action for damages; and
if the entry be made by animals belonging to the wrong-doer,
he is responsible for their trespass.   Such an action must, of
course, be brought within statutory time.   But in this case, the
wrongs are alleged to have been committed in the year 1881;
the complaint was filed in 1882, and section 328 C. C. P. de-
clares that an action for trespass to real property may be
brought within three years after the cause of action accrued.
The cause of action stated in the complaint was, therefore, not
barred by the statute of limitations.

But the chief ground of demurrer is, that by virtue of a stat-
ute, approved February 4, 1874, entitled, " an act to protect
agriculture, and to prevent the trespassing of animals upon pri-
vate property in the counties of Fresno, Tulare, Kern, Ventura,
Santa Barbara, San Luis Obispo, and Monterey," the plaintiff
had the right to " take up " cattle trespassing upon his land,
and hold them subject to the provisions of that law; and that
his only remedy was to institute proceedings under that law
against the cattle themselves and their owners.

But the fact of taking the cattle *damage feasant* was not al-
leged in the complaint, nor did it otherwise appear there.   The
complaint was not framed with reference to the statute, nor
was the action founded upon it; therefore defendants could
not, by a demurrer to what appears on the face of the com-
plaint, invoke the statute against the complaint.   Besides, the
statute, which gives a remedy by process *in rem* against the cat-
tle themselves, does not take away the remedy to recover dam-
ages from their owner for wrongs done by them where they
were not distrained *damage feasant*.   And if there be anything
which that statute bound the plaintiff to do in connection with
his lands, upon which the alleged trespasses were committed,
and he left it undone, it might be that the defendants could
avail themselves of it as a defense to the action.   (§ 433, C. C.

P.) But they could not avail of it, as ground of demurrer to a complaint in which no such facts are alleged.

Judgment reversed, and cause remanded for further proceedings, and the court below is directed to overrule the demurrer.

Ross, J., and McKinstry, J., concurred.