[No. 11433.   Department One. — August 27, 1886.]

AUGUST HEILBRON ET AL., APPELLANTS, *v.* JOHN
HEINLEN, RESPONDENT.

NEW TRIAL — NOTICE OF INTENTION — STRIKING OUT — WANT OF DILI-
GENCE. — A notice of intention to move for a new trial cannot be stricken
out for want of diligence in prosecuting the motion.

TRESPASS BY CATTLE — LAND IN FRESNO AND TULARE COUNTIES — LIMITA-
TION. — In an action to recover damages for trespasses committed by
cattle on land situated in Fresno or Tulare County, the right of recovery
is not limited to trespasses committed within sixty days prior to the com-
mencement of the action.

APPEAL from a judgment of the Superior Court of
Fresno County, from an order refusing a new trial, and
from an order striking out the notice of intention to
move for a new trial.

The action was brought to recover damages alleged to
have been sustained by reason of the trespass of cattle on
lands of the plaintiffs situated in Fresno and Tulare
counties.   On the trial, the plaintiffs offered proof of tres-
passes more than sixty days prior to the commencement
of the action.   The defendant claimed that under the
act of February 4, 1874, the plaintiffs were not entitled
to recover for any trespass not committed within sixty
days before the commencement of the action, and objected
to the proof offered.   The act referred to was entitled
"An act to protect agriculture, and prevent the trespass-
ing of animals upon private property in the counties of
Fresno, Tulare, Kern, Ventura, Santa Barbara, San Luis
Obispo, and Monterey," and gave a remedy by process *in
rem* against the cattle themselves when taken damage-
feasant.   The act also provided that if the owner of the
land did not avail himself of that remedy, he might
maintain an action to recover his actual damages
against the owner of the cattle, provided the action were
commenced within sixty days.   The further facts are
stated in the opinion of the court.

*Terry & Terry*, for Appellants.

*G. A. Heinlen*, and *Sayle & Harris*, for Respondent.

MYRICK, J.—Judgment was entered in favor of defendant January 30, 1884. Plaintiffs gave notice of intention to move for a new trial, the motion to be made on bill of exceptions. The bill was served February 12, and settled April 24, 1884. Nothing further was done in the case until October 7, 1885, when the defendant, on notice, moved the court to dismiss plaintiffs' notice of intention, on the grounds, among others, of negligence and delay on the part of plaintiffs in not prosecuting the intention to move for a new trial, and that the same had been abandoned by lapse of time. On the same day plaintiffs submitted their motion for a new trial. On the 22d of October, 1885, the court granted defendant's motion to strike out plaintiffs' notice of intention, and denied the motion for new trial. From this order an appeal was taken.

Whatever would have been within the discretion of the court in ruling on a motion (if made) to dismiss the plaintiffs' motion for a new trial on the ground of laches or failure to prosecute, the court was not justified in striking out their notice of intention. The motion for a new trial should have been granted, on the authority of *Triscony* v. *Brandenstein*, 66 Cal. 514. The court erred in confining the proof by plaintiffs of trespasses committed by defendant's cattle to the period of sixty days next preceding the commencement of the action.

The appeal from the judgment has been heretofore dismissed, because not taken in time. The order appealed from, viz., the order granting defendant's motion to strike out plaintiffs' notice of intention, and denying plaintiffs' motion for new trial, is reversed, and the cause is remanded.

MORRISON, C. J., and MCKINSTRY, J., concurred.

Hearing in Bank denied.