[No. 11657.  Department One. — March 13, 1889.]

## J. R. HEBBRON, RESPONDENT, v. THOMAS GRAVES, APPELLANT.

EJECTMENT — STATE PATENT — BURDEN OF PROOF. — Whether a state patent
  to land other than a sixteenth or thirty-sixth section is conclusive or
  not, it is at least *prima facie* evidence of title, and if a defendant in eject-
  ment can attack it at all, the burden is on him to show its invalidity.

BOUNDARY LINE — CONFLICTING EVIDENCE — REVIEW ON APPEAL. — The
  main point in controversy being as to the true location of the boundary
  line between two sections of land, and the evidence, though conflicting,
  being sufficient to warrant the court below in its findings as to such loca-
  tion, the findings and judgment will not be disturbed.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order denying a new
trial.

The facts are stated in the opinion.

*N. A. Dorn,* and *W. M. R. Parker,* for Appellant, cited
*Knight* v. *Elliott,* 57 Mo. 325; *Jacobs* v. *Moseley,* 91 Mo.
457; *Alviso* v. *Vallestero,* 52 Cal. 500; *Mahoney* v. *Middle-
ton,* 41 Cal. 41; *Pope* v. *Dalton,* 31 Cal. 218; *Crane* v.
*Ghirardelli,* 45 Cal. 235; *Brown* v. *Brackett,* 45 Cal. 167.

*S. F. Geil,* and *H. V. Morehouse,* for Respondent, cited
*Roper* v. *McFadden,* 48 Cal. 346; *Green* v. *Chandler,* 54
Cal. 626; *Lick* v. *Madden,* 36 Cal. 213; *Hill* v. *Smith,* 32
Cal. 167; *Wilson* v. *Fitch,* 41 Cal. 385.

FOOTE, C. — This action is in ejectment. Plaintiff had
judgment, from which, and an order denying a new
trial, this appeal was taken.

The plaintiff introduced in evidence a certain state
patent for the land in dispute. This was objected to by
the defendant, on the alleged ground "that no predicate
had been laid therefor; that the United States govern-
ment is the source of all title; and as none of this land
is of a sixteenth or thirty-sixth section, there is no proof

that the state of California had any interest in the land which could be granted." Whether such a patent "is conclusive or not, it is at least *prima facie* valid, and if a defendant in ejectment can attack it at all, the burden is on him to show the invalidity." (*People* v. *Stratton*, 25 Cal. 242; *Leviston* v. *Ryan*, 75 Cal. 293, and cases cited.) There is nothing in the record going to show the invalidity of the patent.

The main point in the controversy was as to the true location of the line between two sections of land denominated 19 and 20.

Although the evidence was to some extent conflicting, the court below was warranted in making its findings.

No prejudicial error appearing, we advise that the judgment and order be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.