[No. 14258.   Department One. — December 3, 1891.]

D. K. ZUMWALT ET AL., RESPONDENTS, v. W. J. DICKEY, APPELLANT.

TRESPASS — DEPASTURING LAND — STATUTE OF LIMITATIONS — ACT FOR PROTECTION OF AGRICULTURE. — An action for damages for trespass committed on the lands of the plaintiff by the defendant, in entering upon the land with large bands of sheep, and thereby injuring and depasturing the land, is not subject to the limitation of sixty days prescribed by the statute of February 4, 1874, entitled "An act to protect agriculture, and to prevent the trespassing of animals upon private property" in certain counties, the action not being founded upon that statute; but it is governed by section 338 of the Code of Civil Procedure, which provides that an action for trespass to real property may be commenced within three years after the cause of action has accrued.

ID. — RIGHTS OF TRESPASSER — ASSAILING STATE PATENT — SWAMP AND OVERFLOWED LAND — LISTING TO STATE. — A mere naked trespasser upon land, who does not show himself to be in privity with the common source of title, cannot question the validity of a patent from the state for swamp and overflowed land on the ground that the patent does not show that the lands described had been listed to the state, nor can he disprove the *prima facie* evidence of title furnished by the patent.

APPEAL — ERROR WITHOUT PREJUDICE — INCOMPETENT EVIDENCE. — An error in the admission of incompetent evidence, which the record affirmatively shows was not prejudicial to the objecting party, will not entitle such party to a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*N. O. Bradley*, and *W. D. Tupper*, for Appellant.

*Oregon Sanders*, for Respondents.

FITZGERALD, C. — Action for damages for trespasses alleged to have been committed on the lands described in the complaint, by defendant, who it is alleged wrongfully and unlawfully, and without plaintiffs' consent, entered thereon the large bands of sheep, and trod down and depastured all of said lands and all the grass and herbage that grew thereon during the years 1888 and 1889, and otherwise injured the same, to the great detriment of plaintiffs, and to their damage in the sum of $910.

The complaint further alleges plaintiffs' title and possession and right of possession to the lands therein described.

The answer specifically denies the material allegations of the complaint, and avers that in the summer season of 1889 defendant's sheep were for a short time "camped on a portion of said lands known as the 'Horse Corral meadow,' but the feed and grass had all been eaten off by the sheep of other parties, and defendant's sheep did not do any damage whatever to said land in camping thereon."

The case was tried by the court without a jury, and judgment rendered in favor of plaintiffs for the sum of $305, from which judgment and the order denying his motion for a new trial this appeal is taken by the defendant.

At the trial, plaintiffs severally offered in evidence certain patents from the state of California to themselves, also a deed to them from one Crowley. These patents and the deed purported to convey to plaintiffs all of the lands described in the complaint, and when offered as stated were objected to by defendant on the grounds, — 1. That the action was barred by the statute of limitations because it was not commenced within sixty days after the alleged trespasses were committed, as required by the provisions of the statute approved February 4, 1874, entitled "An act to protect agriculture, and to prevent the trespassing of animals upon private property in the counties of Fresno, Tulare, Kern, Ventura, Santa Barbara, San Luis Obispo, and Monterey"; 2. Because one of the patents for swamp and overflowed land did not show on its face that the lands described therein were ever listed to the state.

The objections were overruled by the court, and the rulings excepted to by the defendant, and assigned as error.

With reference to the first ground of objection, it is sufficient to say that as this action was not founded on that statute, the cause of action stated in the complaint

was not barred by the statute of limitations. Section 338 of the Code of Civil Procedure provides that an action for trespass to real property may be commenced within three years after the cause of action has accrued. (*Triscony* v. *Brandenstein,* 66 Cal. 515.)

While the alleged erroneous ruling of the court on the second ground of objection cannot properly be considered by us on this appeal, for the reason that the patents and the deed are not brought up by the record, yet at the same time we have no hesitancy in saying that we do not entertain the slightest doubt of its correctness.

The patents were properly admitted as *prima facie* evidence of title in the plaintiffs, which the defendant was in no position to disprove, because it appears that he was a mere naked trespasser. To disprove the evidence of title furnished by the patents, he must bring himself "in some privity with the common source of title." (*Hebbron* v. *Graves,* 78 Cal. 380; *Leviston* v. *Ryan,* 75 Cal. 293; *Doll* v. *Meador,* 16 Cal. 295; *Foss* v. *Hinkell,* 78 Cal. 158.)

It is next insisted that the court erred in permitting one Lillas, a witness for the plaintiffs, to testify, against the defendant's objection, that he saw a couple of thousand sheep on the Horse Corral meadow in August, 1889, and that the man in charge of the sheep, who said his name was Frank Burr, told him that they belonged to the defendant.

It appears that only a portion of the "Horse Corral meadow" is embraced in the lands described in the complaint, and as plaintiffs failed to show that Burr, who was in charge of the sheep, was connected in any way with the defendant, or that the sheep which the witness saw belonged to the defendant, or that they were on that part of the Horse Corral meadow owned by the plaintiffs, it follows that the ruling of the court was clearly erroneous; but the record affirmatively shows that the defendant was not injured thereby, for the reason that the damages proved to have resulted from the

trespasses admitted are at least equivalent to those awarded by the judgment herein.

As the remaining errors complained of are unimportant or untenable, we do not deem it necessary to notice them.

We recommend that the judgment and order be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.