[Civ. No. 1450. Second Appellate District.—May 25, 1916.]

## ARCHIE J. HICKS, Respondent, v. HARRY J. BUTTERWORTH, Appellant.

ANIMALS—TRESPASS LAW OF 1907—EFFECT UPON FENCE LAW OF 1878—LOS ANGELES COUNTY.—The act of 1878 concerning the trespassing of animals upon private lands in certain counties in the state of California (Stats. 1877–78, p. 176), which act and the provisions thereof were, by an amendment thereto approved March 30, 1878, (Stats. 1877–78, p. 878), made to include the county of Los Angeles, was not, as to such county, repealed by the act of 1907 (Stats. 1907, p. 999), and therefore in such county, an action for damages for trespass by animals can be maintained, irrespective of whether or not the land trespassed upon was inclosed, or whether or not it was planted to crops growing or matured.

ID.—REPAIR OF FENCE—FAILURE TO CLOSE GATES—IMMATERIAL MATTERS.—In an action to recover damages for trespass by cattle in

entering upon the land and destroying growing alfalfa and sacks of hay thereon, it is immaterial, in the county of Los Angeles, that the plaintiff failed to keep the fence inclosing his land in repair, or that he failed to keep the gates leading thereto closed.

ID.—DAMAGES TO CROPS—PLAINTIFF AS TENANT—EXTENT OF RECOVERY —INSTRUCTION.—In such an action there is no error in refusing to instruct the jury that, if the plaintiff was not the owner of the land, but leased it upon the terms and conditions known as "farming on shares," and the crops growing thereon belong partly to the plaintiff and partly to the owner of the land, the plaintiff could only recover for damages done to that portion of the crop belonging to him, where by the terms of the lease the owner had no interest in the crop until the same had been set apart to him by the plaintiff, and the evidence failed to show that a division had been made at the time of the trespass.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Will H. Willis, and Davis & Rush, for Appellant.

Harriman, Ryckman & Tuttle, for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained by plaintiff on account of trespass committed by defendant's livestock.

The case was tried before a jury which rendered a verdict in favor of plaintiff, upon which a judgment was entered against defendant, whose motion for a new trial was denied and from which order he appeals.

It appears that plaintiff was a tenant in possession, under a lease from the owner, of the premises involved, upon which at the time of the trespass he had certain fields of alfalfa growing, and a lot of unbaled hay in the stack; that during the period extending from July 1 to November 1, 1910, defendant's neat cattle entered upon said land, ate and destroyed the growing alfalfa and stacks of hay thereon.

Neither the complaint nor proof showed the premises to have been at the time inclosed by a substantial fence, and appellant, conceding the trespass and resultant damage as alleged, insists that plaintiff is not entitled to recover therefor. In 1878 the legislature passed an act entitled, "An act con-

cerning trespassing of animals upon private lands in certain counties in the State of California'' (Stats. 1877–78, p. 176), which act and the provisions thereof were, by an amendment thereto approved March 30, 1878 (Stats. 1877–78, p. 878), made to include the county of Los Angeles. This act provides:

''Section 1. It is unlawful for any animal, the property of any person, to enter upon any land owned by or lawfully in the possession of any person other than the owner of such animal.

''Sec. 2. The owner of, or person who is in the lawful possession of, any land trespassed upon, in violation of this act, is entitled to recover, by action in a court of competent jurisdiction, from the owner of, or person in possession of, or person chargeable with the care of, the trespassing animal or animals, all damage sustained by reason of any such trespass, together with costs of suit.''

Under the act of 1878 just quoted, no doubt exists as to the plaintiff's right to recover damages for the trespass, since under its provisions he was not required to inclose his land with a fence, substantial or otherwise. Appellant, however, insists that said provisions of the act of 1878 were repealed by an act of the legislature entitled, ''An act concerning trespassing of animals upon private lands, and the recovery of damages resulting therefrom'' (Stats. 1907, p. 999), sections 1, 2 and 6 of which are as follows:

''Section 1. It is unlawful for any person, firm or corporation owning, or having possession of, any animal, to suffer or permit such animal to break into and enter upon any land owned by, or lawfully in the possession of any person, firm or corporation, other than the owner of such animal in all cases where such land is planted to growing crops, vines, fruit trees, or vegetables, and is at the time entirely inclosed by a substantial fence or other inclosure.

''Sec. 2. The owner of, or person who is in the lawful possession of, any land trespassed upon, in violation of this act, is entitled to recover, by action in a court of competent jurisdiction, from the owner of, or person in possession of, or person chargeable with the care of, the trespassing animal or animals, all actual damages sustained by reason of such trespass, together with costs of suit.

"Sec. 6.  All acts and parts of acts in conflict with this act are hereby repealed; *provided,* nothing in this act shall be deemed or construed to repeal an act of the legislature of this state relating to estrays, approved March 23rd, 1901."

If, as claimed by appellant, the act of 1907 supersedes the provisions of the act of 1878, then it is likewise clear that plaintiff is not entitled to recover damages by reason of the trespass, since it is not claimed the premises were inclosed in any manner whatsoever.  In effect, the act of 1878, as at common law, requires the owner of stock to fence them in, and no duty devolves upon the owner of land to inclose the same in order to prevent his neighbor's stock trespassing thereon, and unless repealed by the act of 1907, it is the law in Los Angeles County applicable to the facts of this case.

Appellant has presented a very able and exhaustive brief in support of his contention that the later act repeals that of 1878; and were the question an open one, we would feel constrained to follow counsel through the maze of legislation touching the subject, commencing with the first session of the legislature in 1850, to which he directs attention.  The identical question, however, was before the court in the case of *Blevins* v. *Mullally,* decided by the third appellate district (22 Cal. App. 519, [135 Pac. 307]).  The action arose from a trespass of stock upon land in Colusa County, to which the act of 1878 applied, and, as here, it was there contended that such act was repealed by the act of 1907.  The court, however, held otherwise, saying there was no inconsistency between the common-law rule as declared in the act of 1878 and the statute of 1907, and hence there was no repeal of the provisions of the former.  This being true, it follows that in Los Angeles County one sustaining damage by reason of trespassing animals upon his uninclosed land may, under the provisions of the act of 1878, recover therefor, regardless of whether the crops be growing thereon or matured, as alfalfa hay, and stacked thereon.

It is unnecessary to repeat the argument upon which the court, through Justice Hart, based its conclusion; suffice it to say that a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court.  Hence, thus approved, the question, so far as this court is concerned, is no longer an open one.  Upon the authority of the decision in *Blevins* v. *Mul-*

*lally,* 22 Cal. App. 519, [135 Pac. 307], we are constrained to hold that the act of 1878, the effect of which, as at common law, is to require the owners of stock to fence them in, is, so far as Los Angeles County is concerned, still in force, and that plaintiff's failure to maintain a substantial fence inclosing his land did not affect his right to recover damages for the trespass.

From what has been said, it follows that no error was committed by the court in refusing instructions requested by defendant based upon his theory that the law imposed upon plaintiff the duty of fencing his land as a protection against damages by trespassing animals. The fact that plaintiff did not keep the fence inclosing the land in repair, or failed to keep the gates closed, becomes immaterial.

It is next insisted that the court erred in charging the jury "that the undisputed evidence in this case shows the plaintiff had such possession and interest in the land here in question, the crops and herbage growing thereon and the hay stacked upon the land, to enable him to maintain an action for the damage done thereto by trespassing cattle." And in refusing, at defendant's request, to instruct the jury to the effect that if plaintiff was not the owner of the land in question, but leased it upon terms and conditions known as "farming on shares," and the crops growing thereon belonged partly to the plaintiff and partly to the owner of the land, then, in such event, plaintiff could recover only for damages done to that portion of the crop belonging to him, and could not recover damages for any portion belonging to the landlord. This contention is based upon the claim that plaintiff and the landlord were owners in common of the crops grown upon said land. By the terms of the lease made to plaintiff, he, as rental for the land, agreed to cut the alfalfa crops grown thereon, at his own cost, charge, and expense, and stack the same upon the said premises, and in due and proper time bale the same and deliver to the landlord an amount in tonnage equal to one-half of all alfalfa cut on said premises, which one-half should be set apart to the landlord. Clearly, the relation existing between the parties was that of landlord and tenant. The lease contains no provision indicating that the products were to be held in cotenancy, but were held and controlled by the tenant, one-half thereof, when baled, under the terms of the lease, to be set apart to and paid the landlord

as compensation for the use of the land. (*Coalinga Pacific Oil etc. Co.* v. *Associated Oil Co.*, 16 Cal. App. 361, [116 Pac. 1107]; *Clarke* v. *Cobb*, 121 Cal. 595, [54 Pac. 74]; *Holt Manufacturing Co.* v. *Thornton*, 136 Cal. 232, [68 Pac. 708].) The record discloses no evidence that the crop had been divided as provided in the lease, or any portion thereof set apart to the landlord. Under these facts, there was no error in the instruction given. As said by the court in *Reeves* v. *Hannan*, 65 N. J. L. 249, [48 Atl. 1018], in discussing a like question: "The agreement . . . being a lease, the title of the crops produced did not vest in the parties to it as tenants in common, but solely in Reeves, the tenant; and Hannan, the landlord, had no claim upon them until an actual division was made, and his share was turned over to him as a '*reditus*' or rent."

The order appealed from is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1916.