[Civ. No. 2642.   First Appellate District, Division One.—March 27, 1919.]

W. T. DAVIS, Respondent, v. A. A. BLASINGAME, Appellant.

[1] ANIMALS—ESTRAYS—COMMON-LAW RULE—APPLICATION TO FRESNO COUNTY—LIMITATION OF ACTIONS.—The rule of the common law which required every man to keep his beasts within his own close is in full force and effect in its application to pastoral lands in the county of Fresno; and an action for the recovery of damages for the trespass of stock upon such uninclosed lands is not limited as to its time of commencement to sixty days after the commission of the act of trespass complained of.

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

D. T. Winne and C. K. Bonestell for Appellant.

Geo. Cosgrave for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action for damages for the alleged trespass of the defendant's cattle upon the lands of the plaintiff and another, and the consequent depasturing of the same. The complaint contains two causes of action, one relating to the depasturing of the plaintiff's own lands, and one relating to the depasturing of the lands of another who assigned his cause of action to the plaintiff.   The defense consists in a denial of the allegations of both counts of the complaint.   The evidence educed upon the trial showed that the parties to the action were neighbors living in the eastern foothills of Fresno County, and owning tracts of land of considerable acreage in propinquity to each other.   With the exception of about three hundred acres, the lands of the plaintiff and his assignor were uninclosed, and the defendant pastured his stock repeatedly upon these uninclosed lands after warning to desist from so doing.   The trial court rendered judgment in the plaintiff's favor for the damages in the sum of $1,003.35, with costs of suit.

The only two points urged by the appellant upon this appeal are, first, that no recovery can be had for the depasturing of land in Fresno County unless the land is fenced, and, second, that even if such an action is maintainable it must be commenced within sixty days after the commission of the trespass. The determination of these points requires an inquiry into the state of the statutory law, and the decisions construing the same, in relation to fences upon pastoral lands in the county of Fresno. This inquiry may well begin with the case of *Blevins* v. *Mullally,* 22 Cal. App. 519, [135 Pac. 307], in which Mr. Justice Hart, after a very thorough review of the statutes and cases bearing upon the subject, holds that the rule of the common law which required every man to keep his beasts within his own close, was abrogated by the legislature of this state in 1850 (Stats. 1850, pp. 131, 214), and was for a time thereafter not in force in any of the counties of the state of California, but that commencing in the year 1863 the rule of the common law began to be restored to operation by special acts in that and later years, applying to an increasing number of the counties of the state as conditions changed therein from a pastoral to an agricultural or horticultural state. The first county to be thus affected was the county of Santa Clara (Stats. 1863, p. 581, as amended by Stats. 1871–72, p. 580). In the case of *Hahn* v. *Garratt,* 69 Cal. 146, [10 Pac. 329], these acts were held to intend that an owner of land in the county of Santa Clara was no longer required to fence it against cattle belonging to another person, but could maintain an action for damages against the owner of cattle permitting them to trespass upon such uninclosed land. In the year 1874 the legislature passed an act (Stats. 1873–74, p. 50) entitled, ''An act to protect agriculture and to prevent the trespassing of animals upon private property in the counties of Fresno, Tulare, Kern, Ventura, Santa Barbara, San Luis Obispo and Monterey.'' The act provides that the owner or occupant of lands in the designated counties, whether such lands be inclosed or not, should have the right to take up and impound stock found upon such lands, and proceed to sell such stock for the damages occasioned by their trespass. Section 8 of the act gave to such owner or occupant of such lands the right to maintain an action for the trespass in any court of competent jurisdiction without exercising his right of impounding such stock, provided such action was com-

menced within sixty days. In the case of *Triscony* v. *Brandenstein*, 66 Cal. 514, [6 Pac. 384], the supreme court had occasion to construe and apply this statute to a case of trespassing cattle upon unfenced lands in the county of Monterey, and the court there held that a cause of action existed for such trespass in that county in addition to the remedy of the proceeding *in rem* provided for in that statute, and that the plaintiff in that action was not restricted to the period of sixty days within which to bring his action.

In the case of *Heilbron* v. *Heinlen*, 70 Cal. 482, [12 Pac. 385], which was an action for the trespassing of stock upon unfenced land in Fresno County, the supreme court sustained such action upon the authority of *Triscony* v. *Brandenstein*, *supra*, holding that the plaintiff was not confined in his proofs to the trespasses committed by the defendant's cattle within sixty days prior to the commencement of his action. A similar ruling was made in the case of *Zumwalt* v. *Dickey*, 92 Cal. 156, [28 Pac. 212], an action arising in the county of Tulare.

In the year 1878 the legislature passed an act entitled, "An act concerning the trespassing of animals upon private lands in certain counties of the state of California." By the terms of this act it was declared to be unlawful for any animals, the property of another person, to enter upon any land owned or lawfully in the possession of another than the owner of such animal. The act as at first passed was made applicable to the county of Colusa and certain other counties of the state, not including Fresno, Monterey, or Tulare, and was later in the same session amended so as to apply to the county of Los Angeles. (Stats. 1877–78, pp. 176, 878.) It was this act which was under review in the case of *Blevins* v. *Mullally*, 22 Cal. App. 519, [135 Pac. 307], and which was further considered in its application to the county of Los Angeles in the case of *Hicks* v. *Butterworth*, 30 Cal. App. 564, [159 Pac. 224]. In each of these cases last above cited an important question applicable to the case at bar arose. This was the question as to the effect upon the statute of 1877–78, and necessarily also upon the statute of 1873–74, of the act of the legislature passed in 1907, entitled "An act concerning trespassing animals upon private lands and the recovery of damages resulting therefrom." [Stats. 1907, p. 999.] By the terms of this latter act it was made unlawful for any person owning or in possession of an animal to suffer or permit such

animal to break in or enter upon any land of another person where such land is planted to growing crops, vines, fruit trees or vegetables, "and is at the time entirely inclosed by a substantial fence or other inclosure." The act provides that "All acts and parts of acts in conflict with this act are hereby repealed." The question discussed by the district courts of the second and third districts in the two cases last above cited was as to the effect of this act upon the act of 1877–78, and, inferentially, also upon the act of 1873–74. In both of these cases the conclusion was arrived at that the act of 1907 did not operate to repeal the act of 1877–78, or any other of the special acts declaring the common-law rule as to trespassing stock upon uninclosed lands to be in force in the counties designated therein, but only to limit the application of such rule to lands other than those specially required to be inclosed under the terms of the latter enactment. In each of the foregoing cases a petition for rehearing before the supreme court was denied.

[1] The law as thus stabilized by the line of authorities above set forth would seem to be that the rule of the common law regarding the keeping of stock within its owner's close is in full force and effect in its application to pastoral lands in the county of Fresno, and that an action for the recovery of damages for the trespass of stock upon such uninclosed lands is not limited as to its time of commencement to sixty days after the act of trespass complained of. It follows that neither of the two points urged by the appellant herein has sufficient merit to justify a reversal of the case. It may be stated that nothing which was said in the case of *Montezuma Improvement Co.* v. *Simmerly*, 28 Cal. App. Dec. 418, decided by the second division of this court, is to be taken as contrary to the views herein expressed, that case having application to the county of Mendocino, in which the common-law rule as to trespass has never been in force.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1919.

All the Justices concurred.