[Civ. No. 2130. Third Appellate District.—July 14, 1920.]

## T. W. MORAN et al., Respondents, v. WILLIAM FREEMAN, Appellant.

[1] Fence Laws — Trespassing Stock — Damages — Common-law Rule Applicable.—Since August 8, 1915, by virtue of the statute passed by the legislature May 20, 1915 (Stats. 1915, p. 636), the rule of the common law allowing the owner of real property to recover damages for trespassing stock, although said real property may not be fenced, has been in force in Yuba County and in all other counties in this state except six.

[2] Id. — Action for Damages — Sufficiency of Complaint. — The complaint in an action for damages for trespass by a band of sheep upon a growing crop of peas in Yuba County is not sub-

ject to demurrer for failure to allege that the land upon which such crop was growing was, at the time of the alleged trespass, inclosed by a fence.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. A. Wetmore, Jr., for Appellant.

W. H. Carlin for Respondents.

BURNETT, J.—The action was for damage caused by trespassing sheep, and the judgment was for plaintiffs in the sum of $408. Appellant states that the only point raised by him is that the court erred in overruling his demurrer to the complaint, and his contention is "that the complaint does not state a cause of action because nowhere in said complaint is it alleged that the land upon which crops of the respondents were growing was, at the time of the alleged trespass, inclosed by a fence." In that respect the averment of the complaint is: "On or about the twelfth day of February, 1919, plaintiffs were the owners of a growing crop of peas . . . ; and on or about said date aforesaid, and while plaintiffs were such owners of said pea crop aforesaid, defendant did willfully and wrongfully suffer and permit his band of sheep, consisting of many hundreds in number, to trespass and feed upon said crop of peas and did thereby tramp down, eat and otherwise destroy said crop to plaintiffs' damage in the sum of six hundred dollars."

[1] It is the claim of appellant that the rule of the common law allowing the owner of real property to recover damages for trespassing of stock, although said real property may not be inclosed, was abrogated by the legislature of this state in 1850 and has never been re-enacted, at least as far as Yuba County is concerned. He claims further that the only statute in reference to the matter which applies to said county is found in the statutes of 1876, page 210. He proceeds to argue that this statute does not restore the common law but provides only a special remedy, giving the owner of the land a right to take up and impound the trespassing stock, and in such case only has he the right to

commence an action against the stock or the owner for damages. Appellant is in error in the claim that the rule of the common law is not applicable to said county. Whatever may have been the situation prior to that date, since August 8, 1915, the said rule of the common law has been in force in this state in all the counties except six thereof, not including Yuba County. This is by virtue of the statute passed by the legislature May 20, 1915, and taking effect on said August 8, 1915, and found in the statutes of 1915, page 636. That this statute is operative to restore the common-law rule has been distinctly decided by the supreme court in *Montezuma Improvement Co.* v. *Simmerly,* 181 Cal. 722, [189 Pac. 100]. Therein the supreme court said: "In answer to both of these arguments we are constrained to hold that the statute of 1915, which we have been considering does, by the very force of its terms, in view of the cited authorities, repeal all 'fence laws' in the counties of this state, except in the six counties specified."

Moreover, if we concede that said statute of 1876 is still in force in Yuba County, appellant is equally at fault in his claim that this action will not lie. It is to be observed that the right vouchsafed by said statute to the owner or occupant of any land finding stock doing or having done damage to such land applies "whether said land be inclosed by a lawful fence or not so inclosed." It is to be observed further that it provides a special remedy by action against property *in rem,* and it does not purport to exclude the right of the owner of the land to proceed by personal action against the owner of the stock. In other words, in such cases the stock may be distrained *damage feasant* or the ordinary action for the actual damage suffered by the owner of the land may be brought. The very point was decided in *Triscony* v. *Bandenstein,* 66 Cal. 514, [6 Pac. 384]. Therein the court had under consideration a special trespass law applicable to Monterey County. (Stats. 1873–74, p. 50.) In that case, as in this, it was contended that the plaintiff had the right "to take up" cattle trespassing upon his land and hold them subject to the provisions of that law; and that his only remedy was to institute proceedings under that law against the cattle themselves and their owners. The supreme court said: "But the fact of taking the cattle *damage feasant* was not alleged in the complaint, nor did it

otherwise appear there. The complaint was not framed with reference to the statute, nor was the action founded upon it; therefore defendants could not, by a demurrer to what appears on the face of the complaint, invoke the statute against the complaint. Besides, the statute, which gives a remedy by process *in rem* against the cattle themselves, does not take away the remedy to recover damages from their owner for wrongs done by them where they were not distrained *damage feasant.* And if there be anything which that statute bound the plaintiff to do in connection with his lands, upon which the alleged trespasses were committed, and he left it undone, it might be that the defendants could avail themselves of it as a defense to the action.''

[2] We think there is no merit in the appeal, and that the demurrer was properly overruled.

The judgment is, therefore, affirmed.

Hart, J., and Nicol, P. J., *pro tem.,* concurred.