[Civ. No. 3423. Second Appellate District, Division One.—May 6, 1921.]

# S. USHIROHIRA, Respondent, v. L. C. STUCKEY, Appellant.

[1] ANIMALS—TRESPASSING CATTLE—DAMAGES TO CROPS—EVIDENCE.— Under the existing law (Stats. 1877–78, p. 879), liability is created as against the owner or person in control of cattle for damages arising from the trespass of such cattle upon the crops of another, and it is not essential that it be shown in an action for such damages that the owner or person in control willfully allowed the commission of the trespass.

[2] ID.—JOINT HERD—LIABILITY.—Where several persons maintain a joint herd of cattle and the cattle do damage by trespass, each of the owners may be held for the whole damage.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. C. Galloway for Appellant.

Fredericks & Hanna and Harold C. Morton for Respondent.

JAMES, J.—Plaintiff, by the judgment entered herein, was allowed recovery of a sum of money as damages alleged in his complaint to have been caused to growing crops by reason of certain cattle, belonging to appellant, being allowed to trespass thereon. This appeal is taken from the judgment so rendered and is brought to this court under what is called the alternative method. Counsel for appellant in his brief makes several points with reference to matters which he affirms are shown by the record, but he makes no attempt at all to comply with the requirement of section 953c of the Code of Civil Procedure, by printing in his brief such portions of that record as he desires to call to the attention of the court. If the case stood upon the presentation made by appellant alone, the court would be justified in assuming that counsel had not desired to

---

2. Liability of owner for trespass of cattle, note, 22 L. R. A. 55.

have the court consider more than his abstract statements with reference to that record; but the respondent, in order to meet the assumed case, has supplied portions of the testimony which may be looked to in considering the contentions urged for reversal. The chief claim of appellant is that the court decided the case against the preponderance of the evidence. This contention admits that there was a conflict in that evidence. The law that an appellate court cannot review a question as to the sufficiency of the evidence, in the presence of a conflict, is so elementary and has been affirmed by so many decisions that it is now unnecessary to do more than state the rule. Where a conflict in the evidence exists, no question of law arises which an appellate tribunal is authorized to decide; the question is then a matter of fact, in the determination of which the decision of the trial judge is final and conclusive. [1] Under the existing law (Stats. 1877–78, p. 176, and amendment, p. 879), liability is created as against the owner or person in control of cattle for damages arising from the trespass of such cattle upon the crops of another. (*Hicks v. Butterworth,* 30 Cal. App. 562, [159 Pac. 224].) It is not essential under the act referred to that a plaintiff show that the owner or person in control of the cattle willfully allowed them to commit trespass. It is the duty of the owner or person in charge to so guard such animals as to prevent the happening of the trespass. There is no suggestion in this case that the animals became unmanageable, or beyond the control of the persons in charge. It seems, according to the statements made in the briefs, that one White had charge of the feeding of 157 head of appellant's cattle, fifteen head belonging to a second person, three belonging to a third person, and one to a fourth person; that these cattle were all kept together. Appellant insists that, conceding the evidence is sufficient to show that some of appellant's cattle were among those which committed the trespass, the evidence also shows, as a probability at least, that the number included some of the other animals from the joint herd. We are not prepared to admit that the evidence as it is presented to us will bear the interpretation suggested, but even though that condition be conceded, appellant's liability would not be changed in any particular. [2] It has been held that, where several

persons maintain a joint herd of cattle, and the cattle do damage by trespass, each of the owners may be held for the whole damage. This holding rests largely upon the necessities of the case, for it would be extremely difficult, if not impossible, for a claimant to prove with any degree of exactness the particular amount of damage done by the cattle of each of the owners of the joint herd. (*Wilson* v. *White*, 77 Neb. 351, [124 Am. St. Rep. 852, 109 N. W. 367].) No other alleged errors are so presented by appellant's brief as to require consideration on this appeal.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.